IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EFCO CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> W.G. YATES AND SONS CONSTRUCTION ) <br> COMPANY, FIDELITY AND DEPOSIT ) <br> COMPANY OF MARYLAND, and ) <br> TRAVELERS CASUALTY & SURETY ) <br> COMPANY OF AMERICA, ) <br> ) <br> Defendants. ) | Case No. CV-13-29 <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT**

Comes now Plaintiff EFCO Corp. and alleges against Defendants W.G. Yates and Sons Construction Company, Fidelity and Deposit Company of Maryland, and Travelers Casualty & Surety Company of America as follows:

## **PARTIES**

1. EFCO Corp. ("EFCO") is an Iowa corporation with its principal place of business in Iowa.

2. Upon information and belief, W.G. Yates and Sons Construction Company ("Yates") is a Mississippi corporation with its principal place of business in Mississippi. At all times material hereto, Yates was conducting business in Alabama.

3. Upon information and belief, Fidelity and Deposit Company of Maryland ("F & D") is a Maryland corporation with its principal place of business in Illinois. At all times material hereto, F&D was conducting business in Alabama.

4. Upon information and belief, Travelers Casualty & Surety Company of America ("Travelers") is a Connecticut corporation with its principal place of business in Connecticut. At all times material hereto, Travelers was conducting business in Alabama.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, and is between citizens of different states.

6. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### FACTUAL ALLEGATIONS

7. Yates entered into a contract with the City of Mobile, Alabama to furnish labor, material, equipment and insurance and perform all work required to properly complete a public work project known as the National Maritime Museum (a/k/a "Michael C. Dow Mobile Landing, Maritime Museum of the Gulf of Mexico, GulfQuest," sometimes referred to herein as the "project"). Yates was the general contractor on the project.

8. The project was located in Mobile, Alabama.

9. In connection with the project, Yates supplied a Labor and Material Payment Bond (the "bond") executed by Yates as Principal and F & D and Travelers as co-sureties (the "sureties"), and naming the City of Mobile as the obligee.

10. The bond provides that any firm or corporation that has furnished labor, materials or supplies for or in the prosecution of work provided for in the National Maritime Museum contract between Yates and the City of Mobile shall have a direct right of action against Yates and the sureties on the bond.

11. J & H Southern Construction ("J & H") was a subcontractor to Yates on the project.

12. EFCO entered into a Rental Agreement with J & H. The Rental Agreement provided that EFCO would supply and rent certain concrete forming/shoring materials and supplies to J & H for use by J & H on the project. Pursuant to the Rental Agreement, J & H was obligated to make payments to EFCO on a monthly basis after J & H was invoiced for the rental amount.

13. After the delivery of the concrete forming/shoring materials and supplies and their installation and use, J & H went into default because it failed to make the payments called for in its Rental Agreement with EFCO.

14. In January 2012, J & H abandoned the job site.

15. Yates took possession and control of EFCO's concrete forming/shoring materials and supplies and began using them on the project without paying EFCO.

16. EFCO unsuccessfully attempted to obtain payment from J & H and Yates for the amounts owed to EFCO, despite due demand for same.

17. On February 14, 2012, EFCO filed a written claim against the bond in the amount of $678,756.36.

18. On March 6, 2012, EFCO made a written claim against the bond for $825,844.36.

19. On March 26, 2012, Yates sent EFCO a check for the amount of $93,045.45; but as of that date, the balance due, even after credit for the $93,045.45, was over $900,000.00.

20. Yates' check in the amount of $93,045.45 was a bad faith attempt by Yates to wrongfully exploit a clerical error in a "Release of Claims and Waiver of Liens" submitted by EFCO to J & H on December 29, 2011. The release indicated that the amount owed as of

December 29, 2011 was $93,045.45, whereas that amount was actually owed as of September 30, 2011.  By December 29, 2011, over $500,000 was owed to EFCO.  On several occasions prior to Yates' payment of $93,045.45, EFCO notified Yates and J & H of the clerical error and the correct amount that was owed.  EFCO also rescinded the "Release of Claims and Waiver of Liens" before Yates attempted to wrongfully exploit the known clerical error.  Thus, Yates knew of the clerical error and the correct amount that was owed when Yates submitted the payment of $93,045.45 to EFCO.

21. The EFCO concrete forming/shoring materials and supplies remained on the job site until they were returned by Yates to EFCO in mid-May 2012.  Nevertheless, Yates and the sureties continued to refuse to pay EFCO the amount that EFCO was owed, despite due demand.

22. Interest and other charges have continued to accrue.  EFCO has updated its claim against the bond on a monthly basis, and most recently, on December 14, 2012, EFCO again updated its claim against the bond to reflect that EFCO was owed $1,564,533.33 as of that date.  Yates and the sureties have continued to refuse to pay EFCO the amount that EFCO is owed.

23. Interest and other charges continue to accrue.

24. The sureties and Yates have declined to make payment for EFCO's claim.

## COUNT ONE
### (Alabama "Little Miller Act")

25. EFCO adopts and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

26. EFCO brings this cause of action pursuant to the provisions of Alabama Code § 39-1-1.

27. EFCO furnished labor, materials, and/or supplies for or in the prosecution of the public work provided for in the contract between Yates and the City of Mobile related to the National Maritime Museum.

28. Payment has not been made to EFCO despite due demand.

29. EFCO has provided written notice to the sureties of the amount claimed to be due and the nature of the claim. More than forty-five (45) days have elapsed since EFCO gave written notice to the sureties, and the sureties have failed to pay the amount that is due and owing.

30. Under the provisions of Alabama Code § 39-1-1, EFCO is entitled to recover the full amount of its unpaid balance from Defendants Yates, F & D, and Travelers, pursuant to the bond related to the National Maritime Museum project, together with interest on the claim, attorneys' fees, and all costs and expenses of this litigation.

WHEREFORE, EFCO demands judgment against the Defendants in an amount in excess of $1,564,553.33, plus pre- and post-judgment interest, attorneys' fees, and all costs and expenses of this litigation.

## COUNT TWO
**(Failure to Pay on Bond)**

31. EFCO adopts and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

32. F & D and Travelers issued the bond in favor of Yates as principal to secure the payment of EFCO and other entities that furnished labor, materials, or supplies for or in the prosecution of the work provided for in the contract between Yates and the City of Mobile related to the National Maritime Museum.

33. Yates, F & D, and Travelers have not made payment to EFCO under the bond despite their obligation to do so. Yates, F & D, and Travelers are liable for payment to EFCO for all damages alleged herein.

WHEREFORE, EFCO demands judgment against the Defendants in an amount in excess of $1,564,533.33, plus pre- and post-judgment interest, attorneys' fees, and all costs and expenses of this litigation.

## COUNT THREE
### (Open Account)

34. EFCO adopts and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

35. Yates owes EFCO in excess of $1,564,533.33 on open account. Yates has failed and refused to pay EFCO for the stated account.

36. F & D and Travelers issued the bond in favor of Yates as principal to secure the payment of EFCO and other entities that furnished labor, materials, or supplies for or in the prosecution of the work provided for in the contract between Yates and the City of Mobile related to the National Maritime Museum. As Yates' sureties, F & D and Travelers are liable for payment to EFCO for all damages alleged herein.

WHEREFORE, EFCO demands judgment against the Defendants in an amount in excess of $1,564,533.33, plus pre- and post-judgment interest, attorneys' fees, and all costs and expenses of this litigation.

## COUNT FOUR
### (Labor and Work Performed)

37. EFCO adopts and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

38. Yates owes EFCO in excess of $1,564,533.33, plus interest, for work and labor done for Yates by EFCO. Yates has failed and refused to pay EFCO for said work and labor.

39. F & D and Travelers issued the bond in favor of Yates as principal to secure the payment of EFCO and other entities that furnished labor, materials, or supplies for or in the prosecution of the work provided for in the contract between Yates and the City of Mobile related to the National Maritime Museum. As Yates' sureties, F & D and Travelers are liable for payment to EFCO for all damages alleged herein.

WHEREFORE, EFCO demands judgment against the Defendants in an amount in excess of $1,564,533.33, plus pre- and post-judgment interest, attorneys' fees, and all costs and expenses of this litigation.

## COUNT FIVE
### (Quantum Meruit)

40. EFCO adopts and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

41. EFCO provided labor, materials and supplies for the benefit of Yates.

42. EFCO had a reasonable expectation that it would be compensated for such labor, materials, and/or supplies.

43. Yates has failed to pay EFCO even though it knowingly accepted the labor, materials, and/or supplies.

44. Therefore, Yates owes EFCO in excess of $1,564,533.33 based on *quantum meruit*.

45. F & D and Travelers issued the bond in favor of Yates as principal to secure the payment of EFCO and other entities that furnished labor, materials, or supplies for or in the prosecution of the work provided for in the contract between Yates and the City of Mobile

related to the National Maritime Museum.  As Yates' sureties, F & D and Travelers are liable for payment to EFCO for all damages alleged herein.

WHEREFORE, EFCO demands judgment against the Defendants in an amount in excess of $1,564,533.33, plus pre- and post-judgment interest, attorneys' fees, and all costs and expenses of this litigation.

## COUNT SIX
### (Unjust Enrichment)

46.     EFCO adopts and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

47.     Yates has been unjustly enriched by use of EFCO's labor, materials and/or supplies.

48.     F & D and Travelers issued the bond in favor of Yates as principal to secure the payment of EFCO and other entities that furnished labor, materials, or supplies for or in the prosecution of the work provided for in the contract between Yates and the City of Mobile related to the National Maritime Museum.  As Yates' sureties, F & D and Travelers are liable for payment to EFCO for all damages alleged herein.

WHEREFORE, EFCO demands judgment against the Defendants in an amount in excess of $1,564,533.33, plus pre- and post-judgment interest, attorneys' fees, and all costs and expenses of this litigation.

## COUNT SEVEN
### (Breach of Contract)

49.     EFCO adopts and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

50. A contract, express and/or implied, existed between Yates and EFCO pursuant to which Yates agreed to pay EFCO for the labor, materials, and/or supplies EFCO furnished for the prosecution of the work related to the project.

51. EFCO has fully and properly completed its work under said contract, and duly performed all the conditions on its part of the contract. Yates has breached the contract and failed to perform the conditions of the contract on its part by failing to pay EFCO for the work performed.

52. As a proximate cause of Yates' breach, EFCO has been damaged in an amount in excess of $1,564,553.33, plus interest, attorneys' fees, and all costs and expenses of this litigation.

53. F & D and Travelers issued the bond in favor of Yates as principal to secure the payment of EFCO and other entities that furnished labor, materials, and/or supplies for or in the prosecution of the work provided for in the contract between Yates and the City of Mobile related to the National Maritime Museum. As Yates' sureties, F & D and Travelers are liable for payment to EFCO for all damages alleged herein.

WHEREFORE, EFCO demands judgment against the Defendants in an amount in excess of $1,564,533.33, plus pre- and post-judgment interest, attorneys' fees, and all costs and expenses of this litigation.

## COUNT EIGHT
(Conversion)

54. EFCO adopts and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

55. Yates converted the property of EFCO by appropriating EFCO's property for Yates' own use and benefit, exercising dominion over the property of EFCO to the exclusion of

EFCO and in defiance of EFCO's ownership of and right to the property, wrongfully detaining and/or interfering with EFCO's property, illegally using or misusing EFCO's property, and/or wrongfully taking EFCO's property.

56. F & D and Travelers issued the bond in favor of Yates as principal to secure the payment of EFCO and other entities that furnished labor, materials, and/or supplies for or in the prosecution of the work provided for in the contract between Yates and the City of Mobile related to the National Maritime Museum. As Yates' sureties, F & D and Travelers are liable for payment to EFCO for all damages alleged herein.

WHEREFORE, EFCO demands judgment against the Defendants in an amount in excess of $1,564,533.33, plus pre- and post-judgment interest, attorneys' fees, and all costs and expenses of this litigation. EFCO also demands an award of punitive damages against Yates to punish it for its wrongful conduct and prevent other similar or wrongful acts.

**Plaintiffs respectfully demand a trial by jury as to all counts.**

Respectfully submitted,

*/s/ Brian P. McCarthy*
BRIAN P. MCCARTHY (MCCAB7434)
bmccarthy@mcdowellknight.com
JAMES BLAIR NEWMAN, JR. (NEWMJ8590)
bnewman@mcdowellknight.com
Attorneys for the Plaintiffs

Of Counsel:

McDOWELL KNIGHT ROEDDER
  & SLEDGE, L.L.C.
RSA Tower
11 North Water Street, Ste. 13290 (36602)
Post Office Box 350
Mobile, AL 36601
251-432-5300
251-432-5303 Facsimile

**EACH DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AT THE BELOW LISTED ADDRESSES:**

**W.G. Yates and Sons Construction Company**
c/o C. T. CORPORATION SYSTEM
Agent for Service of Process
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**Fidelity and Deposit Company of Maryland**
c/o CSC LAWYERS INCORPORATING SVC INC
Agent for Service of Process
150 South Perry Street
Montgomery, AL 36104

**Travelers Casualty & Surety Company of America**
c/o CSC LAWYERS, INC.
Agent for Service of Process
150 South Perry Street
Montgomery, AL 36104