IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EFCO CORP.,                   X

         Plaintiff,      X

v.                       X      CASE NO. 1:13-CV-0029-CG-C

                        X

W. G. YATES AND SONS
CONSTRUCTION COMPANY,      X
FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, and TRAVELERS   X
CASUALTY & SURETY COMPANY OF
AMERICA,                X

         Defendants.     X

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Come now W. G. Yates & Sons Construction Company, improperly named as W. G. Yates and Sons Construction Company, Fidelity and Deposit Company of Maryland (hereinafter sometimes referred to as "Fidelity"), and Travelers Casualty and Surety Company of America (hereinafter sometimes referred to as "Travelers"), improperly named as Travelers Casualty & Surety Company of America, the Defendants in the above styled action, by and through their attorney of record, and in answer to the Complaint on file in this action would state as follows, to-wit:

### PARTIES

1.  Upon information and belief, admitted.

2. Admitted.

3. Admitted.

4. Admitted.

### JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

### FACTUAL ALLEGATIONS

7. Yates admits that it is one of the prime contractors for a portion of the construction of that public project known as the Michael C. Dow Mobile Landing, Maritime Museum of the Gulf of Mexico (City Project No. MU-120-08 – BG1.1 Structural), GulfQuest; Yates is not the general contractor for the entire project.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. The defendants are uncertain as to the full scope of any agreements between EFCO and J & H regarding the respective obligations thereunder, and, therefore deny the allegations of Paragraph 12 as stated.

13. The defendants are uncertain as to the full scope of any agreements between EFCO and J & H regarding the respective

obligations thereunder, how payments made were credited, and therefore, deny the allegations of Paragraph 13 as stated.

14. Admitted.

15. Admitted.

16. The defendants are without sufficient information to form a belief as to the nature and extent of payments from J & H to EFCO and, therefore, deny the allegations of Paragraph 16 as stated.

17. Admitted that EFCO provided a written notice of claim by letter dated February 14, 2012; a "proof of claim" was submitted shortly thereafter.

18. Admitted that EFCO provided a written notice of claim by letter dated March 6, 2012; a "proof of claim" was submitted shortly thereafter.

19. Admitted that on or about March 26, 2012, Yates sent EFCO payment in the sum of Ninety-Three Thousand, Forty-Five Dollars Forty-Five Cents ($93,045.45); the balance of the allegations are denied.

20. Denied, Yates submitted payment to EFCO in the sum of Ninety-Three Thousand, Forty-Five Dollars Forty-Five Cents ($93,045.45) in reliance upon "Release of Claims and Waiver of Liens" submitted by EFCO and supporting documentation furnished by J & H and, further, Yates was not notified of any effort to rescind or of a claimed rescission by EFCO of the "Release of

Claims and Waiver of Liens" at issue until July of 2012 during a meeting of the parties.

21. Denied, Yates contacted EFCO upon J & H's abandonment of the project and worked diligently to return materials in the ordinary course of business and to determine any amounts due and owing, which efforts were thwarted by EFCO.

22. Admitted that EFCO has submitted monthly notices of amounts claimed due and owing; the amount claimed to be due and owing is in dispute and, therefore, allegations concerning the same are denied.

23. Denied.

24. The amount claimed to be due and owing is in dispute and, therefore, allegations concerning the same are denied.

## COUNT ONE - ALABAMA "LITTLE MILLER ACT"

25. The Defendants adopt and incorporate their responses to the allegations contained in Paragraphs One through 24 above as if the same were specifically set forth herein.

26. Paragraph 26 does not contain any allegation against any Defendant.

27. Admitted.

28. The amount claimed to be due and owing is in dispute and, therefore, allegations concerning the same are denied.

29. Admitted that EFCO has provided timely notice of its claim.

30. The amount claimed to be due and owing is in dispute and, therefore, allegations concerning the same are denied.

### COUNT TWO - FAILURE TO PAY ON BOND

31. The Defendants incorporate their responses to Paragraphs One through 30 as if the same were specifically set forth herein.

32. Admitted that the bond required by Code of Alabama § 39-1-1 (1975) was furnished providing for payment of properly due and owed labor, materials, and supplies incurred in the prosecution of the work.

33. Denied.

### COUNT THREE - OPEN ACCOUNT

34. The Defendants incorporate their responses to Paragraphs One through 33 as if the same were specifically set forth herein.

35. Denied.

36. Denied as stated, the existence of the bond is admitted as set forth hereinabove; the obligations of the sureties are as set forth in said bond and do not arise until liability is determined against Yates as principal.

## COUNT FOUR - LABOR AND WORK PERFORMED

37.   The Defendants incorporate their responses to Paragraphs One through 36 as if the same were specifically set forth herein.

38.   Denied.

39.   Denied as stated, the existence of the bond is admitted as set forth hereinabove; the obligations of the sureties are as set forth in said bond and do not arise until liability is determined against Yates as principal.

## COUNT FIVE - QUANTUM MERUIT

40.  The Defendants incorporate their responses to Paragraphs One through 39 as if the same were specifically set forth herein.

41.   Admitted as to the extent that EFCO forms were utilized in the course of the work; the balance of the allegations are denied as stated.

42.   Admitted to the extent of reasonable value of the forms utilized; credit for payments made, releases, and waivers by EFCO.

43.   Denied.

44.   Denied.

45.   Denied as stated, the existence of the bond is admitted as set forth hereinabove; the obligations of the

sureties are as set forth in said bond and do not arise until liability is determined against Yates as principal.

## COUNT SIX - UNJUST ENRICHMENT

46. The Defendants incorporate their responses to Paragraphs One through 45 as if the same were specifically set forth herein.

47. Denied.

48. Denied as stated, the existence of the bond is admitted as set forth hereinabove; the obligations of the sureties are as set forth in said bond and do not arise until liability is determined against Yates as principal.

## COUNT SEVEN - BREACH OF CONTRACT

49. The Defendants incorporate their responses to Paragraphs One through 48 as if the same were specifically set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied as stated, the existence of the bond is admitted as set forth hereinabove; the obligations of the sureties are as set forth in said bond and do not arise until liability is determined against Yates as principal.

## COUNT EIGHT - CONVERSION

54. The Defendants incorporate their responses to Paragraphs One through 53 as if the same were specifically set forth herein.

55. Denied.

56. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state proper contract or conversion claims for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the express release(s) executed by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff had no contract with W. G. Yates & Sons Construction Company.

## FOURTH AFFIRMATIVE DEFENSE

In the event a contract is determined to exist, then Plaintiff's claims are barred by failure of consideration and its peremptory breach of any such contract.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants reserve all challenges as to whether Plaintiff has satisfied the statutory requirements of a claim upon the labor and material bond.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by equity, estoppel, laches, and waiver.

## SEVENTH AFFIRMATIVE DEFENSE

No open account has ever existed between Plaintiff and W. G. Yates & Sons Construction Company.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

A bona fide dispute existed as to any payment due to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

W. G. Yates & Sons Construction Company is entitled to recoupment/set off against Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's demands for punitive damages may result in multiple damage awards to be assessed for the same act or omission against the Defendants, such award would contravene the Defendants' right to due process under the Due Process Clause of Article 1 § 13 of the Alabama Constitution. In addition, such award would infringe upon rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and Article 1 § 9 of the Alabama Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages

permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendants' substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate the Defendants' substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages based on anything other than the Defendants' conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the

Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect the Defendants against impermissible multiple punishment for the same wrong.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the Defendants' rights under the substantive and procedural Due Process Clause of the United States Constitution and of the Constitution of the State of Alabama; the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the Contract Clause of Article Two of the United States Constitution; the Equal Protection Clause of the United States Constitution and the Constitution of the State of Alabama.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in <u>Pacific Mutual Life Insurance Co. v. Haslip</u>, 499 U.S. 1 (1991), events subsequent to <u>Haslip</u> have shown that the system is wholly arbitrary, fundamentally unfair, and utterly irrational in violation of due process. <u>See Armstrong v. Roger's Outdoor Sports, Inc.</u>, 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J.,

dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary, and irrational. A punitive damage award in the absence of such guidelines or

standards will bear no rational or reasonable relationship to the Defendants' alleged conduct in this matter or to any alleged harm to the Plaintiffs, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Alabama Constitution, Ala. Const. Art. I § 15.

## NINETEENTH AFFIRMATIVE DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, <u>Code of Alabama</u> regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## TWENTIETH AFFIRMATIVE DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive

damages cases based upon the Defendants' status as a large, out-of-state, corporate entity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages based on anything other than the Defendants' conduct would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect the Defendants against impermissible multiple punishment for the same wrong.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by the Plaintiffs in this lawsuit, constitute a violation of the Due

Process Clause of the Constitution of the United States under authority of <u>B.M.W. of North America, Inc. v. Gore</u>, 116 U.S. 1589 (1996). The allegations made by the Plaintiff in this action, and the Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to the Defendants so as to deprive the Defendants of due process of law.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

The Plaintiff's claims violate the due process provisions of the United States Constitution and the correlative provisions of the Alabama Constitution to the extent that they seek to deprive the Defendants of procedural and substantive safeguards, including traditional defenses to liability.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

Punitive damages cannot be sustained because of the lack in clarity in Alabama's standards for awarding punitive damages.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

With respect to the Plaintiff's demands for punitive damages, the Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of such damage awards which arose in the decisions

of <u>BMW v. Gore</u>, 116 U.S. 1589 (1996) and <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 123 S. Ct. 1513 (2003).

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

To the extent that the Plaintiff's demands for punitive damages may result in multiple damage awards to be assessed for the same act or omission against the Defendants, such award would contravene the Defendants' right to due process under the Due Process Clause of Article 1 § 13 of the Alabama Constitution.  In addition, such award would infringe upon rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and Article 1 § 9 of the Alabama Constitution.

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

The claims of the Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate the Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and by the due process provisions of the Alabama Constitution.

## COUNTERCLAIM

## COUNT I

Come now W. G. Yates & Sons Construction Company, improperly named as W. G. Yates and Sons Construction Company (hereinafter sometimes referred to as "Yates"), Defendant/ Counterclaim Plaintiff in the above styled action, by and through its attorney of record, and demands damages of EFCO Corp., Plaintiff/Counterclaim Defendant, and as grounds therefor would show the following, to-wit:

1. That the Michael C. Dow Mobile Landing, National Maritime Museum of the Gulf of Mexico, GulfQuest is owned by the City of Mobile and is situated in Mobile County, Alabama.

2. That Yates is a Mississippi corporation authorized to do business in Alabama, which has been actively engaged in business operations in Mobile County, Alabama at all times during the events made the basis of this lawsuit.

3. That J & H Southern Construction, Inc. (hereinafter sometimes referred to as "J & H") is a Georgia corporation engaged in business in Mobile County, Alabama at all times during the events made the basis of this lawsuit.

4. That EFCO Corp. (hereinafter sometimes referred to as "EFCO") is an Iowa corporation authorized to do business in Alabama, which has been actively engaged in business operations

in Mobile County, Alabama at all times during the events made the basis of this lawsuit.

5. That Yates is one of the prime contractors for a portion of the construction of that public project known as the Michael C. Dow Mobile Landing, Maritime Museum of the Gulf of Mexico (City Project No. MU-120-08 - BG1.1 Structural), GulfQuest (hereinafter sometimes referred to as the "Work").

6. That Yates entered into a Subcontract with J & H dated February 2, 2011, under which J & H was obligated to provide all labor, materials, tools, equipment, facilities, supervision, management, services, shop drawings, submittals, testing, and other items necessary for the proper execution and functioning and installations and connections necessary, specified, customary, or otherwise appropriate to perform fully and to complete its portion of the Work.

7. That EFCO provided concrete forming materials to J & H for the Work.

8. That J & H submitted to Yates periodic applications for payment for its labor and materials utilized in the prosecution of the Work.

9. That EFCO executed and submitted a "Release of Claims and Waiver of Liens" that was submitted to Yates in support of each J & H periodic payment application.

10. That each EFCO "Release of Claims and Waiver of Liens" contains a statement of the amount due and owing to EFCO

for the current period for which payment was being sought and a statement of any amount due that remained outstanding from any prior "Release of Claims and Waiver of Liens" executed and submitted by EFCO.

11.   That on December 15, 2011, Chase Bank issued notice to EFCO that J & H check number 1152 dated December 2, 2011 representing payment to EFCO for materials utilized in the Work in the sum of One Hundred Seven Thousand, Three Hundred Ninety-Five Dollars Sixty-Four Cents ($107,395.64) was returned due to insufficient funds.

12.   That EFCO executed a "Release of Claims and Waiver of Liens" submitted to Yates in conjunction with the J & H December 2011 pay application stating that the amount due to EFCO was Ninety-Three Thousand, Six Hundred Forty-Five Dollars ($93,645) as of December 29, 2011 and that no funds were due and owing for any previous "Release of Claims and Waiver of Liens" executed by EFCO.

13.   That in reliance upon the EFCO "Release of Claims and Waiver of Liens," Yates paid J & H the sum of Four Hundred Seventeen Thousand, Seven Hundred Fifty-Eight Dollars ($417,758) between December 29, 2011 and January 12, 2012.

14.   That EFCO has asserted that the "Release of Claims and Waiver of Liens" was erroneous and that EFCO was actually owed Five Hundred Eighty-Nine Thousand, Four Hundred Twenty-Two

Dollars ($589,422) on December 29, 2011 when it executed the lien release.

15. That EFCO did not notify Yates that J & H check number 1152 dated December 2, 2011 representing payment to EFCO for materials utilized in the Work by the sum of One Hundred Seven Thousand, Three Hundred Ninety-Five Dollars Sixty-Four Cents ($107,395.64) was returned due to insufficient funds until late March of 2012.

16. That EFCO was negligent in preparing and submitting the December 29, 2011 "Release of Claims and Waiver of Liens" in failing to timely notify Yates of the amounts it now claims as actually being due and owing and in failing to timely notify Yates that J & H check number 1152 dated December 2, 2011 representing payment to EFCO for materials utilized in the Work by the sum of One Hundred Seven Thousand, Three Hundred Ninety-Five Dollars Sixty-Four Cents ($107,395.64) for which Yates previously paid J & H was returned due to insufficient funds.

17. That Yates has been damaged as a result of the foregoing negligent conduct of EFCO.

WHEREFORE, W. G. Yates & Sons Construction Company, Defendant/Counterclaim Plaintiff, demands damages of EFCO Corp., Plaintiff/Counterclaim Defendant, in excess of the jurisdictional limits of this court, together with pre-judgment interest.

## COUNTERCLAIM

### COUNT II

Come now W. G. Yates & Sons Construction Company, improperly named as W. G. Yates and Sons Construction Company (hereinafter sometimes referred to as "Yates"), Defendant/ Counterclaim Plaintiff in the above styled action, by and through its attorney of record, and demands damages of EFCO Corp., Plaintiff/Counterclaim Defendant, and as grounds therefor would show the following, to-wit:

1.    That allegations set forth paragraphs One through 15 of Count I of the Counterclaim are re-alleged and adopted as if specifically set forth herein.

2.    That EFCO had a duty to timely and accurately disclose to Yates any amounts due and owing to EFCO arising out of or related to the Work in submitting a "Release of Claims and Waiver of Liens."

3.    That EFCO had a duty to timely disclose to Yates any error or inaccuracy in any "Release of Claims and Waiver of Liens."

4.    That EFCO had a duty to timely disclose to Yates that J & H check number 1152 dated December 2, 2011 representing payment to EFCO for materials utilized in the Work by the sum of One Hundred Seven Thousand, Three Hundred Ninety-Five Dollars

Sixty-Four Cents ($107,395.64) for which Yates previously paid J & H was returned due to insufficient funds.

   5.   That EFCO knew or should have know that Yates would rely upon the statement of amounts due and owing to EFCO as represented by the EFCO "Release of Claims and Waiver of Liens" in issuing payments to J & H.

   6.   That EFCO suppressed from Yates the amount due to it by J & H and that J & H check number 1152 dated December 2, 2011 was returned due to insufficient funds.

   7.   That as a proximate result of EFCO's suppression of the foregoing material facts, Yates has suffered damage.

   WHEREFORE, W. G. Yates & Sons Construction Company, Defendant/Counterclaim Plaintiff, demands damages of EFCO Corp., Plaintiff/Counterclaim Defendant, in excess of the jurisdictional limits of this court, together with pre-judgment.

                              **s/Jessica M. McDill**
                              Federal Bar Number: THOMJ5487
                              Attorney for Defendants,
                              W. G. Yates & Sons Construction
                              Company, Fidelity and Deposit
                              Company of Maryland, and
                              Travelers Casualty and Surety
                              Company of America
                              CHASON & CHASON, P.C.
                              P. O. Box 100
                              Bay Minette, Alabama 36507
                              Phone: (251)937-2191
                              Fax: (251)937-2101
                              E-Mail: jmm@chasonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2013, I electronically filed the foregoing Answer to Complaint and Counterclaim with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Brian McCarthy, McDowell, Knight, Roedder & Sledge, L.L.C., RSA Tower, 11 North Water Street, Suite 13290, Mobile, Alabama 36601, bmccarthy@mcdowellknight.com.

**s/Jessica M. McDill**
Federal Bar Number: THOMJ5487
Attorney for Defendants,
W. G. Yates & Sons Construction
Company, Fidelity and Deposit
Company of Maryland, and
Travelers Casualty and Surety
Company of America
CHASON & CHASON, P.C.
P. O. Box 100
Bay Minette, Alabama 36507
Phone: (251)937-2191
Fax: (251)937-2101
E-Mail: jmm@chasonlaw.com

00020398.WPDver3